**OAK TREE LAW**
LARRY FIESELMAN, Esq., SBN 81872
CHRISTINA S. KIM, Esq., SBN 276533
Email: Litigation@oaktreelaw.com
10900 183rd Street, Suite 270
Cerritos, California 90703
Telephone: (562) 741-3943
Facsimile: (562) 264-1496

Attorneys for Defendant

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>BEVERLY MONIQUE MURRAY-CALCOTE,<br><br>     Debtor,<br><br>LARNITA PETTE,<br><br>     Plaintiff,<br><br>Vs.<br><br>BEVERLY MONIQUE MURRAY-CALCOTE,<br><br>     Defendants. | Case no. 2:17-bk-11972-RK<br><br>Chapter 7<br><br>Adv. No. 2:17-ap-01488-RK<br><br>**ANSWER TO COMPLAINT**<br><br>Status Conference<br><br>Date: December 5, 2017<br>Time: 1:30 p.m.<br>Ctrm: 1675 |

The defendant herein, Beverly Monique Murray-Calcote, responds to the complaint on file herein by admitting, denying and alleging as follows:

ANSWER TO COMPLAINT - 1

1. Responding to the un-numbered pre-amble in the complaint, lines 23, page 1, through line 2, page 2, this responding defendant denies each and every allegation in said un-numbered paragraph.

2. This responding defendant admits the allegations in paragraphs 1-3, inclusive, of the complaint.

3. Responding to the allegations in paragraph 4 of the complaint, this responding defendant admits that the San Diego Superior Court case was filed. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

4. This responding defendant denies, generally and specifically, each and every allegation in paragraphs 5 (both paragraph 5s), and 6, and the whole thereof.

5. This responding defendant admits the allegations in paragraph 7 of the complaint.

6. Responding to the allegations in paragraphs 8-12, inclusive, of the complaint, this responding defendant alleges that the documents referred to therein, including the docket, speak for themselves. This responding defendant denies generally and specifically, each and every other and subsequent allegation in said paragraphs, and the remainder thereof.

7. This responding defendant has insufficient information or belief with which to either admit or deny the allegations in paragraph 13 of the complaint. Based upon this lack of information and belief, this responding defendant denies, generally and specifically, each and every allegation in paragraph 13 of the complaint, and the whole thereof.

8. This responding defendant admits the allegations in paragraphs 14 and 15 of the complaint.

9. Responding to the allegations in paragraph 16 of the complaint, this responding defendant admits she did not file a "Notice of Stay". Except for this specific admission,

this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

10. Responding to the allegations in paragraph 17 of the complaint, this responding defendant admits she failed to disclose the compensation and inheritance she received from the Trust. Except for this specific admission, this responding defendant denies each and every other and subsequent allegation in said paragraph, and the remainder thereof.

11. This responding defendant denies, generally and specifically, each and every allegation in paragraph 18, and the whole thereof.

12. Responding to the allegations in paragraph 19 of the complaint, this responding defendant alleges that the state court complaint referred to therein speaks for itself but denies the allegations set forth therein. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

13. This responding defendant denies, generally and specifically, each and every allegation in paragraph 10 of the complaint, which paragraph appears between paragraphs 19 and 21 of the complaint, and the whole thereof.

14. This responding defendant admits the allegations in paragraphs 22 and 23 of the complaint.

15. This responding defendant alleges that the minute order of the hearing referred to in paragraph 24 of the complaint sets forth the court's finding therein. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

16. Responding to the allegations in paragraph 25 of the complaint, this responding defendant alleges that the OCSC case allegations, although denied by this defendant, speak for themselves. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

16. This responding defendant admits the allegations in paragraphs 26 and 27 of the complaint

17. This responding defendant denies, generally and specifically, each and every allegation in paragraphs 28, 29 and 30 of the complaint, and the whole thereof.

18. Responding to the allegations in paragraph 31 of the complaint, this responding defendant incorporates herein by reference, her responses to paragraphs 1-30, inclusive.

19. Responding to the allegations in paragraph 32 of the complaint, this responding defendant alleges that plaintiff has correctly paraphrased the bankruptcy code section referred to therein. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

20. This responding defendant denies, generally and specifically, each and every allegation in paragraphs 33, 34, 35, 36, 37, 38, 39, 40 and 41 of the complaint, and the whole thereof.

21. Responding to the allegations in paragraph 42 of the complaint, this responding defendant incorporates herein by this reference, as though fully set forth, paragraphs 1-41, inclusive, of the complaint.

22. Responding to the allegations in paragraph 43 of the complaint, this responding defendant alleges that plaintiff has correctly paraphrased the bankruptcy code section referred to therein. Except for this specific admission, this responding defendant denies, generally and specifically, each and every other and subsequent allegation in said paragraph, and the remainder thereof.

23. This responding defendant denies, generally and specifically, each and every allegation in paragraph 44 of the complaint, and the whole thereof.

24. This responding defendant admits the allegations in paragraph 45 of the complaint.

25. This responding defendant denies, generally and specifically, each and every allegation in paragraphs 46, 47 and 48 of the complaint, and the whole thereof.

26. This responding defendant alleges that any mistakes or omissions from her schedules or SOFA were the result of ignorance of the requirements and the receipt of poor legal advice.

27 This responding defendant further alleges that her husband formed several business entities and placed her name on each of them. She further alleges she took no part in any of the business entities and none of them are currently operating.

28. This responding defendant further alleges that none of the acts or omissions were intentional and none were done to deceive or mislead, hinder or delay the administration of her bankruptcy case.

WHEREFORE, this responding defendant prays for judgment as follows:

1. That plaintiff takes nothing by reason of its complaint herein, or otherwise;
2. For costs of suit incurred herein;
3. For such other and further relief as the court deems just and proper.

Dated: October 30, 2017.

OAK TREE LAW

By: _____
LARRY FIESELMAN
Attorneys for Defendant

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10900 183rd Street, Suite 270, Cerritos A 90703

A true and correct copy of the foregoing document entitled (*specify*): ANSWER TO COMPLAINT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/31/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/31/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/31/2017 | LARRY FIESELMAN | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

# ATTACHMENT TO PROOF OF SERVICE OF ANSWER TO COMPLAINT

<u>Served by the Court Via Notice of Electronic Filing</u>

*United States Trustee*
Ustpregion16.la.ecf@usdoj.gov

*Counsel for Office of the U.S. Trustee*
Kenneth.G.Lau@usdoj.gov

*Chapter 7 Trustee*
rgonzalez@ecf.epiqsysems.com
vbowen@gonzalezplc.com
khernandez@gonzalezplc.com
rossgonzalez@gonzalezplc.com

*Counsel for Chapter 7 Trustee*
Jeremy@marguiliesFaithlaw.com
Helen@marguiliesFaithlaw.com
Noreen@marguiliesFaithlaw.com
Victoria@marguiliesFaithlaw.com
Brian@marguiliesFaithlaw.com

<u>By Regular U.S. Mail</u>

THE HON. ROBERT KWAN, JUDGE
UNITED STATES BANKRUPTCY COURT
255 East Temple Street, Room 940
Los Angeles CA 90012
Attn: Mail Room Clerk-Judges Copies

Larnita Pette
2588 El Camino Real, Suite F-195
Carlsbad CA 92008
(Plaintiff)